ALBANY,
Aug. 1834.

Smith
v.
Howard.

pay over to him the whole amount of the sum directed to be levied by his execution, with the interest thereof, insisting that the notice and affidavit accompanying it did not conform to the directions of the statute in such cases, inasmuch as the notice did not state the *time during which the rent accrued ;* but the sheriff refused to pay over the same without the order of this court. On these facts, and on an affidavit of the plaintiff that he had been informed and believed that the agent of the landlord *had admitted* that the whole of the sum of $200 was not due for the last year's rent of the premises, but that $65, part thereof, was due for rent accrued prior to 1st May, 1833, the plaintiff asked for a rule that the sheriff pay to him the amount of his execution.

---

SMITH *vs.* HOWARD.

A plaintiff obtaining an inquest at the circuit is not bound to waive it upon the application of the defendant, though he offer to pay costs, &c, but may put him to his motion.

August 7.    THE question in this case was, whether a plaintiff who has obtained an inquest at the circuit is bound to waive it, on being offered the costs and presented with an excuse verified by affidavit ; and if he refuses to do so, whether he is chargeable with costs of motion.

*By the Court,* NELSON, J. A plaintiff who has regularly obtained an inquest is not bound to waive it on the applica-

tion of the defendant, let the excuse be what it may; but may put the defendant to his motion, who, if relieved, instead of receiving, must pay costs.